# CHARLESTON

### STATE v. ANDREWS.

Submitted November 18, 1914.　　Decided December 8; 1914.

1. IMPROVEMENTS—*Ownership—Removal of Building—Evidence.*

A building erected by one for his use on the land of another, to remain there and be paid for by the land owner at the expiration of the use, can not lawfully be removed by him who built it because the land owner fails to pay for the building, unless a right of removal in that contingency has been agreed upon between the parties. (p. 234).

2. TRESPASS—*Evidence.*

One can not be convicted for a trespass where the act complained of was done under a *bona fide* claim of right; but the question whether the act was so done is ordinarily one for the jury. (p. 235).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Lewis County.

L. L. Andrews was convicted of trespass and brings error.

*Affirmed.*

*Brannon & Stathers, Herbert M. Blair* and *W. G. Stathers,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *J. B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

ROBINSON, JUDGE:

Andrews, convicted and fined upon an indictment charging him with trespass, brings error. He had leased a lot of

ground from White for the purpose of erecting thereon a small dwelling, which he was to occupy as long as he remained superintendent of a carbon plant near by. He erected the dwelling and occupied the same for several years, regularly paying the monthly ground rent. When he gave up his position as superintendent and moved away, White claimed possession of the house. But Andrews insisted that when the lease was made White had agreed to pay him two-thirds of the cost of the building whenever he left it. White's version of the matter was that there was no such contract, and that the house reverted to the land. Andrews continued to send White checks each month for the ground rent, but White promptly returned the same. The house stood unoccupied, Andrews retaining the key. White, however, claimed it as his own and posted the premises with warning against trespass on the same. Andrews, not getting from White the two-thirds of the cost of the building which he claimed, returned after several months, and, in White's absence in another part of the county, began to demolish and take away the building. The White home was near, and Mrs. White protested so that the work stopped for the day. But on the next day Andrews persisted in his entry on the premises, regardless of fences, locked gates, and nailed bars, and to a great extent demolished and took away the building. Minor facts and circumstances proper for jury consideration, need not be detailed here.

It is argued that three of the four instructions given for the State are erroneous and prejudicial. Considering the record as a whole, taking in view the facts and circumstances of the case, we hold that these instructions do not constitute reversible error.

The three instructions to which we have referred told the jury that if no provision was made in the contract between Andrews and White as to a removal of the building from the premises, the building belonged to the owner of the soil at the expiration of the contract term, that the onus was on defendant to show such provision for removal if he relied on it as a defense to the indictment, and that the mere claim by Andrews that White was entitled to pay him a part of the

cost of the building did not authorize the defendant in entering and removing the building. These instructions were not improper under the facts proved. Andrews, from his own statement of the contract, understood that the building was to remain and become a part of the land, for he virtually says it was to remain on the land when he says White was to pay him for the same. By his own testimony he proves that the building was White's. He shows no contract right of removal in case White failed to pay him. He claims right of removal simply because White would not pay him. Therefore, as the first instruction stated, if there was no contract for removal, the building belonged to White. A contract right to remove the building in case White did not pay, would have been a good matter of defense which Andrews should have brought in if it existed. As the court instructed the jury, the onus was on him to show such right by contract. Without such showing the State's testimony, as well as defendant's own version of the matter, established that defendant had entered the enclosed lands of White and did damage thereon. True indeed it is, as the court further instructed, the mere claim by Andrews that White was obligated to pay him a part of the cost of the building did not warrant him in entering the premises and taking away the building. Upon the whole the case warranted what the court virtually told the jury, that Andrews could not lawfully remove the building in the absence of a contract right to do so. The instructions mean no more than the proposition which the case actually presented, that a building erected by one for his use on the land of another, to remain there and be paid for by the land owner at the expiration of the use, can not lawfully be removed by him who built it because the land owner fails to pay for the building, unless a right of removal in that contingency has been agreed upon between the parties. The remedy is one for the debt. Since no contract right of removal was proved by Andrews, the instructions might have been more direct, but as they are, they are certainly not prejudicial.

Andrews claims that he entered the premises under a *bona fide* claim of right. If so, he is not guilty of trespass. One can not be convicted of trespass where the act complained of

was under a *bona fide* claim of right. But whether the act was so done is ordinarily a question for the jury. Whether Andrews entered and did the things complained of in good faith under a claim of right, was submitted to the jury by instructions clear and definite. The jury found against him on this question. Under the facts and circumstances proved, we are not disposed to disturb that finding.

An order will be entered affirming the judgment.

*Affirmed.*